## WHIPPLE *v.* THE STATE.

The evidence for the State was entirely circumstantial, but, if the witnesses were credible, it was sufficient to establish the guilt of the accused beyond a reasonable doubt. The credibility of the witnesses was a matter for the jury, subject to the revision of the judge upon application for a new trial. The trial judge being satisfied with the verdict, and there being no error of law requiring the granting of a new trial, his discretion exercised in refusing to grant a new trial will not be interfered with.

Argued July 10, — Decided August 2, 1905.

Indictment for murder. Before Judge Martin. Pulaski superior court. June 13, 1905.

Whipple was tried for the murder of Boone, convicted, and sentenced to imprisonment for life. He filed a motion for a new trial, which was overruled, and he excepted. Besides the general grounds, the motion contained two special grounds. The first complained that the court refused to rule out the testimony of a witness, to the effect that on the morning after the killing she saw one of the sons of the accused put a pair of shoes over the door of the house of the accused. The objection to the testimony was that it was irrelevant, that there was nothing to connect the accused with the act of the son, and that it did not appear that the

shoes belonged to the accused.    The judge allowed the testimony to remain in solely for the purpose of impeaching the son of the accused, who had previously testified that he did not put the shoes over the door.    The second special ground complained that the court refused to allow the accused to ask Davis, a witness for the State, if he did not tell Simmons that if he came to the trial and testified like he did on the preliminary trial, it " would put the guilt on him," counsel stating that he expected to show that Simmons was kept away by this threat.    On objection by the solicitor-general, the judge said that the testimony seemed to be inadmissible, but he would not then make a final ruling but would allow the solicitor-general to call the witness as a State's witness after dinner.    The evidence was not afterwards offered, nor was the court again requested to allow it admitted, nor was any further ruling made.

*W. L. & Warren Grice* and *Fort & Grice,* for plaintiff in error.
*John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.

COBB, J.    The evidence upon which the State relied for a conviction was entirely circumstantial in its nature.    It consisted of testimony as to tracks, threats, and efforts to fabricate evidence favorable to the theory of the defense set up by the accused.    The motive for the homicide was claimed to have arisen from the fact that the deceased was in the habit of visiting the house at which the wife of the accused was accustomed to stay, the accused and his wife being at the time in a state of separation.    If the witnesses called by the State were credible, the circumstances proved were sufficient to establish the guilt of the accused.    On the other hand, there were witnesses called by the accused whose testimony, if worthy of credit, established a complete defense.    According to the testimony of one witness it was impossible for the accused to have been at the scene of the homicide at the time of its commission ; and there was other testimony tending to establish the alibi set up.    The credibility of the witnesses was a question for the jury ; and the judge being satisfied with their finding, under the well-established rule this court will not interfere with his judgment refusing a new trial, unless some material or substantial error was committed during the progress of the trial.

Only two errors of law were complained of. The accused can not take advantage of the refusal to admit the testimony of the witness Davis, for the reason that the court made no positive ruling on this subject, but postponed the ruling until a later stage of the case, and the attention of the court was not thereafter called to the matter. See *Stone* v. *State*, 118 *Ga.* 705 (9). The evidence as to the concealment of the shoes by the son of the accused was restricted to the purpose of impeachment. While this might be treated as immaterial, and therefore the evidence would not be admissible, still we do not think the admission of the testimony was an error of such a character as to probably affect the result, and a reversal is not required on that ground. In fact the venerable and able counsel for the plaintiff in error, who argued the case here with so much earnestness, candidly admitted that there was nothing in either of the special grounds which would require a reversal of the judgment; and we concur with him in this view. He asked a reversal upon the general aspect of the case, as being one founded mainly upon the testimony of a witness who was old, infirm, superstitious, and shown to be unworthy of belief. This witness was impeached by proof of general bad character, but she was also sustained by evidence of good character. All of these questions were, however, for the jury, and we do not feel justified in interfering with the judgment refusing a new trial.

*Judgment affirmed.　All the Justices concur, except Simmons, C. J., absent.*